BROWNSTEIN THOMAS, LLP
MARK C. THOMAS SBN: 215580
180 Montgomery Street, Suite 940
San Francisco, CA 94104
Telephone: 415-986-1338
Facsimile:  415-986-1231

Attorneys for Defendant
GC Technology, LLC dba PhoneSuit

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DANIEL HUANG, an Individual,<br><br>    Plaintiff,<br><br>vs.<br><br>GC Technology, LLC d/b/a Phonesuit, a Nevada Limited Liability Company; Hali-Power Inc., a Nevada Corporation; and Case-Ari, LLC d/b/a Case-Mate, a Georgia Limited Liability Company,<br><br>    Defendants. | Case No.: CV 10-4705 CAS (VBKx)<br><br>**GC TECHNOLOGY'S ANSWER, AFFIRMATIVE DEFENSES, COUNTER-CLAIM AGAINST HUANG AND CROSS-COMPLAINT AGAINST HALI-POWER**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge: Hon. Christina A. Snyder<br>Complaint Filed: 6/24/10 |
| GC TECHNOLOGY, a Nevada Limited Liability Company, Counter-Complainant and Cross-Complainant<br><br>vs.<br><br>DANIEL HUANG, an individual, Counter-Defendant; and HALI-POWER, INC., a Nevada Corporation, Cross-Defendants. | |

Defendant GC Technology, LLC ("GC Technology") answers Daniel Huang's ("Huang") Complaint as follows:

## ANSWER

### Jurisdiction and Venue

1. GC Technology admits the court has jurisdiction over this matter.

2. GC Technology admits the court has jurisdiction over this matter.

3. GC Technology admits that venue is proper over the claims alleged against GC Technology.

### Parties

4. GC Technology lack knowledge or information sufficient to form a belief regarding where Plaintiff is located and on that basis denies this allegation.

5. GC Technology admits that GC Technology is a Nevada Limited Liability Corporation with its principal place of business in Santa Monica, California.

6. GC Technology admits that Hali-Power, Inc. ("Hali-Power") is a Nevada corporation with its principal place of business in New York. GC Technology lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this Paragraph of the Complaint, and on that basis denies the remaining allegations.

7. GC Technology admits that Case-Mate is a Georgia Limited Liability Company with its principal place of business in Tucker, Georgia. GC Technology lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this Paragraph of the Complaint, and on that basis denies this allegation.

### Background Facts

8. GC Technology lacks knowledge or information sufficient to form a belief regarding the allegations in this Paragraph of the Complaint, and on that basis denies all allegations in this Paragraph of the Complaint.

9. GC Technology lacks knowledge or information sufficient to form a belief regarding the allegations in this Paragraph of the Complaint, and on that basis denies all allegations in this Paragraph of the Complaint.

10. GC Technology admits that it sold the battery pack shown on Exhibit C. GC Technology denies all remaining allegations in this Paragraph of the Complaint.

## First Claim for Relief

11. GC Technology re-alleges its responses to Paragraphs 1-13, and incorporates them by reference into this response.

12. GC Technology denies all the allegations in this Paragraph of the Complaint.

13. GC Technology denies all the allegations in this Paragraph of the Complaint.

14. GC Technology denies all the allegations in this Paragraph of the Complaint.

15. GC Technology denies all the allegations in this Paragraph of the Complaint.

16. GC Technology denies all the allegations in this Paragraph of the Complaint.

## Second Claim for Relief

17. GC Technology re-alleges its responses to Paragraphs 1-16, and incorporates them by reference into this response.

18. GC Technology denies all the allegations in this Paragraph of the Complaint.

19. GC Technology denies all the allegations in this Paragraph of the Complaint.

20. GC Technology denies all the allegations in this Paragraph of the Complaint.

21. GC Technology denies all the allegations in this Paragraph of the Complaint.

22. GC Technology denies all the allegations in this Paragraph of the Complaint.

23. GC Technology denies all the allegations in this Paragraph of the Complaint.

### AFFIRMATIVE DEFENSES TO ALL CLAIMS

In further response to the Complaint, and as separate distinct defenses, GC Technology alleges as follows:

24. GC Technology has not infringed and is not now infringing any valid Patent owned by Huang.

25. The '360 and '361 Patents, and the claims thereof, are invalid, unenforceable and void for failure to meet the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

26. Upon information and belief, Huang has misused the '360 and '361 Patents by the maintenance of this action, in bad faith, when it should have known that the patent was invalid or that it had no valid claim of patent infringement against GC Technology.

27. Upon information and belief, Huang's claims are barred in whole or in part by its failure to provide adequate notice under 35 U.S.C. § 287.

28. Huang's claim for injunctive relief and equitable remedies are barred because Huang has an adequate remedy at law.

29. The Complaint, and each claim for relief asserted therein, is barred in whole or in part because Huang lacks standing.

### COUNTERCLAIMS AGAINST DANIEL HUANG

GC Technology alleges the following counter-claims against Huang.

### Parties, Jurisdiction and Venue

30. Counter-Defendant Huang alleges in his complaint that he is an individual.

31. Counter-Claimant GC Technology is a Nevada limited liability company, with its principal place of business in California.

32. Counter-Claimant's claims are compulsory and permissive under Federal Rule of Civil Procedure 13.

33. The Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1338 and 2201, in that the counterclaims for declaratory relief under 28 U.S.C. §§ 2201 and 2202 assert substantial federal claims for a patent controversy under the 35 U.S.C. § 100 *et seq*. This Court has supplemental jurisdiction over the California state-law claims pursuant to 28 U.S.C. § 1367, in that the counterclaims relate to the same case or controversy set forth in the Complaint.

## Counterclaim 1

### Declaratory Relief on Non-Infringement of Patent '360

34. Counter-Claimant re-alleges and incorporates by reference the allegations in Paragraphs 30 to 33 as though filly set forth herein.

35. Counter-Claimant GC Technology has been accused and charged by the Counter-Defendant with infringement of the '360 patent by reason of GC Technology's sale of the Mili-Power Pack. GC Technology has denied any wrongdoing.

36. An actual controversy exists between Huang and GC Technology involving the allegations of infringement of the '360 patent.

37. GC Technology is entitled to a judgment declaring that its sale of the Mili-Power Pack did not and does not infringe any of the claims of the '360 Patent.

## Counterclaim 2

### Patent Misuse

38. Counter-Claimant re-alleges and incorporates by reference the allegations in Paragraphs 30 to 33 as though filly set forth herein.

39. On information and belief, the '360 Patent is unenforceable because the applicant for that patent willfully or with gross negligence withheld information material to the patentability of the purported invention disclosed in the application that matured into the '360 patent. Upon further information and belief, the patent applicant intentionally withheld such information for the purpose of deceiving the Patent Office.

40. These improper and fraudulent acts by Counter-Defendant, among other conduct, constitutes fraud on the Patent Office, patent misuse and evidence a scheme to defraud Counter-Plaintiff, the public and the Courts.

### CROSS-CLAIM AGAINST HALI-POWER, INC.

### Parties, Jurisdiction and Venue

41. Cross-Defendant Hali-Power is a Nevada corporation with its principal place of business in New York.

42. Cross-Claimant GC Technology is a Nevada limited liability company, with its principal place of business in California.

43. This Court has supplemental jurisdiction over the California state-law claims pursuant to 28 U.S.C. § 1367, in that the cross-claim relates to the same case or controversy set forth in the Complaint.

44. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) in that a substantial part of the events or omissions giving rise to this action occurred in the Central District of California.

### Counterclaim 1

### Breach of Implied Warranty

### (California Uniform Commercial Code § 2312(3))

45. Hali-Power is a manufacturer and distributor of iPhone accessories. From approximately January 2009 to October 2010, GC Technology purchased products from Hali-Power for resale. One of the products purchased GC Technology purchased for resale was the Mili-Power Pack.

46. California Uniform Commercial Code § 2312(3) requires manufacturers and distributors to warrant that goods sold are free of rightful claims by third parties, which allege the goods sold infringe on the third parties' patents. Huang's complaint alleges the Mili-Power Pack purchased by GC Technology from Hali-Power violates the '360 Patent.

47. GC Technology demanded indemnification for the losses suffered as a result of this lawsuit. Hali-Power, however, refused to indemnify GC Technology. Hali-

Power's refusal to indemnify GC Technology violates California Uniform Commercial Code § 2312(3).

48.     As a result of Hali-Power's refusal to indemnify GC Technology, GC Technology has been damaged because it has been forced to retain attorneys, including the undersigned attorneys, to represent it in this action and is obligated to pay them a reasonable fee for services.

### PRAYER FOR RELIEF

WHEREFORE, GC Technology respectfully prays for relief as follows:

1. Huang's Complaint be dismissed with prejudice and judgment be entered against Huang;

2. Judgment be entered declaring the '360 Patent invalid, void and unenforceable;

3. Judgment be entered in favor of GC Technology declaring that GC Technology is not now and in the past has not infringed on the '360 patent;

4. An award entered against Huang in favor of GC Technology for reasonable attorneys' fees pursuant to 35 U.S.C § 285 and costs incurred;

5. An award entered against Hali-Power in favor of GC Technology for reasonable attorneys' fees pursuant to California Uniform Commercial Code § 2312(3) and costs incurred; and

6. For such other and further relief as the Court may deem proper.

///
///

BROWNSTEIN THOMAS, LLP

DATED: November 8, 2010

MARK C. THOMAS
Attorney for Defendant
GC Technology, LLC

## DEMAND FOR JURY TRIAL

GC Technology hereby demands a jury trial on all issues raised in the Complaint, Counter Complaint and Cross-Complaint.

DATED: November 8, 2010

BROWNSTEIN THOMAS, LLP

MARK C. THOMAS
Attorney for Defendant
GC Technology, LLC